# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** ] | |
| Plaintiff, ] | |
| v. ] | 2:23-cv-333-ACA |
| **ORIS LOVELESS, et al.,** ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

Plaintiff Auto-Owners Insurance Company filed this action against Defendants Oris Loveless, Zachary Wright, Sara Wright, and the Wrights' child, P.R.W., seeking a declaration that Auto-Owners has no duty to defend or indemnify Ms. Loveless. (Doc. 1 at 1–2, 13–15). Ms. Loveless moves to dismiss the complaint for insufficient service of process, under Federal Rule of Civil Procedure 12(b)(5), and as unripe. (Doc. 9). The court **WILL DENY** the motion to dismiss the action for insufficient service of process, but **WILL GRANT** the motion to dismiss the complaint as unripe.

### I.   BACKGROUND

Ms. Loveless owns uninhabited real property in Birmingham, Alabama, on which she has a homeowners insurance policy with Auto-Owners. (Doc. 1 at 3

¶¶ 10–11, 4 ¶ 17). She also has an umbrella policy through Auto-Owners. (*Id.* at 9 ¶ 20). At some point, children who lived near Ms. Loveless's property ventured into it and found a container of mercury, which was moved to a nearby home and spilled. (*Id.* at 3 ¶ 12). The Wrights eventually bought the nearby home and moved in with their child, P.R.W. (*Id.* at 3 ¶ 13). P.R.W. soon developed symptoms of mercury exposure, requiring medical treatment. (Doc. 1 at 3–4 ¶¶ 13–15).

In September 2022, the Wrights' attorney sent a letter to Ms. Loveless notifying her of P.R.W.'s injuries, stating that "the claim for damages will be substantial," and advising her to notify her homeowners insurance company about the incident. (Doc. 13-1 at 6). In October 2022, Auto-Owners opened a claim based on the September 2022 letter. (*Id.* at 2).

On November 21, 2022, the Wrights' attorney sent a letter to Auto-Owners stating that P.R.W.'s medical expenses were at a minimum $170,000 but that the case was worth at least $20 million. (Doc. 1-1 at 2, 5). He continued "my client is willing to accept policy limits from any and all sources upon proof of same. This offer will remain open for 21 days from the date of this letter." (*Id.* at 5) (emphasis omitted). There is no indication that Auto-Owners answered the letter, nor is there any evidence that the Wrights have taken any action with respect to filing suit against Ms. Loveless. (*See* doc. 9 at 7).

Auto-Owners filed this lawsuit on March 16, 2023. (Doc. 1). Auto-Owners makes two claims: one for a declaration that it is not obligated to defend or indemnify Ms. Loveless under the homeowners insurance policy, and one for a declaration that it is not obligated to defend or indemnify her under the umbrella policy. (*Id.* at 13–15). On April 8, 2023, someone named Johnnie Loveless signed the certified mail receipt for the summons and complaint. (Doc. 4). On April 21, 2023, attorney Joshua Arnold contacted Auto-Owners and represented that "he was asked to represent Defendant Oris Loveless in this case." (Doc. 13-2 at 2, 5). He asked for some additional time to either find a different attorney to represent her or else file an answer, and Auto-Owners agreed not to seek default. (Doc. 13-2 at 3, 5).

In June 2023, after the time for service of process had expired without a responsive pleading from Ms. Loveless, the court entered an order to show cause why service on Ms. Loveless was proper and, if it was, why the case should not be dismissed for Auto-Owners's failure to prosecute. (Doc. 8). In reaction, Auto-Owners emailed Mr. Arnold asking for an update in light of the court's show-cause order. (Doc. 11-1 at 2). Mr. Arnold responded that he had "had a bit of a time finding someone who is willing to represent Ms. Loveless" and that he would speak with her son-in-law to "see what options are available." (*Id.*). The next day, Mr. Arnold filed a motion to dismiss on Ms. Loveless's behalf. (Doc. 9).

## II.   DISCUSSION

Ms. Loveless moves to dismiss the complaint on two grounds: insufficient service of process and lack of ripeness. (Doc. 9). The court will address service of process first, followed by ripeness. (*Id.*).

1. Service of Process

Auto-Owners bears the burden of establishing the validity of service of process. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).[1] As such, the court rejects from the outset Auto-Owners's position that Ms. Loveless—here, the defendant—has failed to carry her burden of proving that service was insufficient. (Doc. 13 at 5). But because Auto-Owners has presented evidence and argument about service, the court will address that evidence and argument.

The Federal Rules permits service under federal law or by "following state law . . . in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e). In Alabama, service can be made in several ways, including (1) "by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or, alternatively, (2) "by delivering a copy of the summons and the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

complaint to an agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(1).

To satisfy the first method of service under Alabama Rule of Civil Procedure 4(c)(1), Auto-Owners must establish that it (1) left a copy of the summons and the complaint (2) at Ms. Loveless's dwelling house or usual place of abode and (3) that Johnnie Loveless is a person of suitable age and discretion then residing in the same dwelling. Auto-Owners has argued that the address where the service and summons were delivered was Ms. Loveless's usual place of abode, but it has not addressed who Johnnie Loveless was, whether he was of suitable age and discretion, and whether he resided at the same address. (*See* doc. 11; doc. 13 at 2–5). Accordingly, it has not carried its burden of establishing the sufficiency of service under the first method.

To satisfy the second method of service under Alabama Rule of Civil Procedure 4(c)(1), Auto-Owners must establish that it (1) delivered a copy of the summons and the complaint (2) to an agent authorized by appointment or by law to receive service of process. When service is by certified mail, an agent's authority to accept service "shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default." Ala. R. Civ. P. 4(i)(2)(C). The question for the court is

therefore whether Ms. Loveless has acknowledged actual receipt of the summons and complaint or whether other evidence proves she "actually receive[d] the summons and complaint in time to avoid a default." *See id.*

The Alabama Supreme Court does not appear to have addressed a similar scenario to this one. But the Alabama Court of Civil Appeals has. *See Ex parte Rich*, __ So. 3d __, 2022 WL 628413 (Ala. Civ. App. Mar. 4, 2022). In that case, the plaintiff sent the summons and complaint to the defendant by certified mail. *Id.* at *1. The return receipt had an illegible signature, no printed name, and no date. *Id.* The defendant filed a motion to continue a hearing in the case, arguing that service was ineffective based on those defects. *Id.* After reviewing decisions of federal district courts involving similar fact patterns, the Alabama Court of Civil Appeals held the defendant's ability to retain an attorney and file a motion contesting service established that she had actually received the summons and complaint. *Id.* at *5.

Here, as in *Ex parte Rich*, Ms. Loveless was able to retain an attorney, who filed a motion contesting service. Furthermore, the evidence shows that Ms. Loveless's attorney was involved in the case by April 21, 2023, in sufficient time to avoid a default. (Doc. 13-2 at 2). Accordingly, under Alabama law, Johnnie Loveless's authority to accept service has been conclusively established. *See* Ala. R. Civ. P. 4(i)(2)(C). As such, the court **WILL DENY** the motion to dismiss this action for insufficient service of process.

2. Ripeness

Ms. Loveless also moves to dismiss the complaint on the ground that it is not ripe because although the Wrights sent a demand letter, they did not threaten litigation if the demand was not satisfied and the twenty-one day period to respond expired in December 2022 without the Wrights filing suit against Ms. Loveless. (Doc. 9 at 2–4). Auto-Owners does not contend that the Wrights have filed suit, but it argues that because the injury to P.R.W. has already occurred and a formal insurance claim was submitted, Auto-Owners's duty to defend and potentially settle any claim against Ms. Loveless has been invoked. (Doc. 13 at 7–8).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995). If the court lacks subject matter jurisdiction over a claim or an action, it must dismiss that claim or action. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013). In addition, courts presiding over cases brought under the Declaratory Judgment Act have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .").

One aspect of the court's subject matter jurisdiction under Article III is ripeness. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2 (11th Cir. 2021). A claim is not ripe if it is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (alteration and quotation marks omitted). But even if the case meets the "constitutional minimum" for jurisdictional ripeness, "prudential considerations may still counsel judicial restraint." *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (quotation marks omitted); *see also Am. Fidelity & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960) ("The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense."). This is because federal courts are prohibited from offering advisory opinions. *Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).

Auto-Owners's primary authority for arguing that this case is ripe for adjudication is *GTE Directories Publishing Corporation v. Trimen America, Inc.*, 67 F.3d 1563 (11th Cir. 1995). (Doc. 13 at 7). In that case, a publisher of yellow pages advertising was locked in a longstanding and vigorous dispute with a company

8

that placed ads with publishers of yellow pages on behalf of businesses. *GTE Directories Publ'g. Corp.*, 67 F.3d at 1564–65. After rulings in a separate lawsuit between the parties arising out of the same dispute, the publisher-plaintiff filed a declaratory judgment action seeking a declaration about its right to contact the company-defendant's customers about its decision not to accept any future orders from the defendant. *Id.* at 1566. The Eleventh Circuit concluded that the case was ripe because the defendant had "made it very clear" that it believed any contact would constitute tortious interference with business relations and that it "would not hesitate to sue." *Id.* at 1568. It also repeatedly reminded the plaintiff of a previous punitive damages award a related company had received from the plaintiff for tortious interference with that company's customers. *Id.* In those circumstances, the Eleventh Circuit found there was "a justiciable controversy" between the parties. *GTE Directories Publ'g. Corp.*, 67 F.3d at 1568.

The Eleventh Circuit acknowledged that "[f]inding a case or controversy on these facts does result in entertaining a declaratory judgment action on a somewhat hypothetical set of facts." *Id.* at 1569. But the Court explained that "this is the case in many suits for declaratory judgment." *Id.* Drawing from an example in Wright and Miller's Federal Practice and Procedure, the Eleventh Circuit stated in dicta that a sufficient controversy existed in a lawsuit "in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages

9

the injured person may recover against the insured," even though "[t]he injured person may not sue or he may not obtain a judgment against the insured." *Id.* (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2757 (2d ed. 1983)).

But the dicta in *GTE Directories Publishing* cannot override earlier precedent. In *American Fidelity & Casualty Company*, injured parties sued two motor carriers for injuries sustained in a car accident. 280 F.2d at 455. The insurer of one of the motor carriers (American) sued its insured (Clay), the other motor carrier, the other motor carrier's insurer, and the injured parties, seeking a declaration about American's duty to defend and indemnify Clay in the underlying lawsuit, based on a dispute about which insurer was primary. *Id.* at 455–56. The former Fifth Circuit held that the question about American's duty to defend was ripe but that the question about its duty to indemnify was not. *Id.* at 457–61. It explained: "The damage suits had never been tried. No one had yet paid or become legally liable to pay. Whether anything will be paid or be legally payable, no one, on this record, yet knows." *Id.* at 457–58. "[I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co.*, 280 F.2d at 461. As a result, "it was well within [the district court's] considered judicial discretion to decline to express legal opinions on academic theoreticals which might never come to pass."

*Id.*; *see also Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) (explaining that *American Fidelity* held "that no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize").

The court finds that this case is not yet ripe. Auto-Owners requests a declaratory judgment about its obligation to defend and indemnify Ms. Loveless, but the Wrights have not sued Ms. Loveless, much less obtained a judgment against her. And although the Wrights sent a demand letter to Auto-Owners, the letter did not expressly threaten suit. To the extent the letter implicitly threatened suit if Auto-Owners failed to respond within twenty-one days, far more than twenty-one days have passed and the Wrights have not acted on that implicit threat. And this case is distinguishable from the actual holding in *GTE Directories Publishing*, which involved express threats of lawsuit after protracted related legal disputes. Whether Ms. Loveless will require a defense to a lawsuit and whether she will require indemnification from any judgment remains entirely hypothetical. *See Am. Fidelity & Cas. Co*, 280 F.2d at 457–58; *see also Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1065 (Ala. 2003) ("The insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between insurer and insured prove a covered

accident or occurrence."). Accordingly, the court **WILL GRANT** Ms. Loveless's motion and **WILL DISMISS** this action **WITHOUT PREJUDICE** as unripe.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this August 22, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE